# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DWIGHT PRATT, | ) CIVIL ACTION NO. 9:08-3865-SB-BM |
| Petitioner, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| JOHN OWENS, Warden, | ) |
| Respondent. | ) |

This Petition for a writ of habeas corpus was filed on November 20, 2008,[1] pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at FCI Williamsburg.

Respondent filed a motion for summary judgment, on March 19, 2009. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on March 20, 2009, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. After receiving an extension of time, Petitioner filed a response in opposition to the motion on April 29, 2009.

This matter is now before the Court for disposition.[2]

---

[1] Filing date under Houston v. Lack, 487 U.S. 266 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



**Background**

The background facts in this case are essentially uncontested. On January 21, 2003, Petitioner was arrested by state authorities in Leon County, Florida for Possession of Cocaine, Possession of Marijuana, and Possession of Paraphernalia. See Respondent's Exhibit 4 (Forest Kelly Affidavit, ¶ 4). On February 4, 2003, Petitioner was indicted by the Grand Jury for the United States District Court for the Northern District of Florida for Distribution of Cocaine (date of offense November 5, 2002)(Count One), Distribution of Cocaine Base (date of offense December 9, 2002)(Count Two), Possession with Intent to Distribute Cocaine (date of offense December 19, 2002)(Count Three), Possession of a Firearm During and In Relation to a Drug Trafficking Offense (date of offense December 19, 2002)(Count Four), and Possession of a Firearm by a Convicted Felon (date of offense December 19, 2002)(Count Five). See Respondent's Exhibit 4 (Forest Kelly Affidavit, ¶ 5). It is undisputed that a federal detainer was placed on the Petitioner, who remained in state custody. See Respondent's Exhibit 4 (Forest Kelly Affidavit, ¶ 12); Petitioner's Memorandum in Opposition to Summary Judgment, pp. 2-3.

On April 21, 2004, Petitioner entered a plea of nolo contendere in Leon County Circuit Court for Possession of Cocaine, Possession of Cannabis (Marijuana), and Possession of Paraphernalia. See Respondent's Exhibit 5. Petitioner was sentenced to a total of 457 days, and was awarded 457 days jail credit (time served). See Respondent's Exhibit 4 (Forest Kelly Affidavit ¶ 6); Respondent's Exhibit 5.[3] On April 22, 2004, Petitioner was released by Florida state authorities into the custody of the United States Marshals Service ("USMS"). See Respondent's Exhibit 4 (Forest

---

[3]The 457 day sentence was for Count 1. Petitioner also received 364 days for Counts 2-3, which was to run concurrently to the sentence in Count 1. See Respondent's Exhibit 5, pp. 2-4.



Kelly Affidavit, ¶ 7). Thereafter, on September 30, 2004, Petitioner was sentenced to a 188 month term of incarceration by the United States District Court for the Northern District of Florida after pleading guilty to four of the five federal counts. See Respondent's Exhibit 1.

The Petitioner's federal sentence has been computed as commencing on September 30, 2004, the day it was imposed. Petitioner was also awarded 161 days prior custody credit for the time period of April 22, 2004 through September 29, 2004. Further, Petitioner is eligible to earn 737 days Good Conduct Time credit, with these calculations resulting in the Petitioner having a projected release date of December 13, 2017. See Respondent's Exhibit 4 (Forest Kelly Affidavit, ¶ 8); see also Respondent's Exhibit 2. However, Petitioner asserts in this habeas action that he should have received a *nunc pro tunc* designation, with credit for the time he was in state custody prior to April 22, 2004. It is undisputed that while this time was credited to Petitioner's state sentence, it has not been credited to his federal sentence. Petitioner requests that this Court order the BOP to reverse its decision to deny his request for a *nunc pro tunc* designation, order the BOP to revisit the calculation of his sentence, or for this Court to itself revisit the calculation of his sentence. See Petition.

**Discussion**

Respondent does not contest that, to the extent Petitioner's claim is challenging the BOP's decision not to credit him for prior time served in state custody, this claim may be brought under 28 U.S.C. § 2241. Respondent also does not dispute that Petitioner has exhausted his administrative remedies with respect to this claim. Hughes v. Slade, 347 F.Supp.2d 821 (C.D.Cal. 2004); Jimenez v. Warden, FDIC, Fort Devens, Massachusetts, 147 F.Supp.2d 24, 27 (D.Mass. June 8, 2001); 18 U.S.C. § 3585; see United States v. Shanklin, No. 87-7395, 1988 WL 41128 at **2 (4th Cir. April 28, 1988); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984) [ "It is

3



only when a prisoner has exhausted his administrative remedies that he becomes entitled to litigate the matter in the district court." ]. See also Alexander v. Hawk, 159 F.3d 1321 (11th Cir. 1998); United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir. 1982). Therefore, this claim is properly before this Court for consideration.

Under federal law,

> [a] federal sentence cannot commence before it is imposed, United States v. Walker, 98 F.3d 944, 945-946 (7th Cir. 1996), and a district court has no power to award presentence credit, United States v. Wilson, 503 U.S. 329, 333 (1992); United States v. Ross, 219 F.3d 592, 594 (7th Cir. 2000). A district court may order a federal sentence to run concurrently with an undischarged state sentence, 18 U.S.C. § 3584(a); Romandine v. United States, 206 F.3d 731, 737-738 (7th Cir. 2000) . . . . [but the BOP cannot give credit for any period of presentence custody that has already been credited against another sentence, 18 U.S.C. § 3585(b); Ross, 219 F.3d at 594.

Short v. Revell, No. 05-1890, 152 Fed.Appx. 542, 544 (7th Cir. Oct. 24, 2005)(unpublished). Petitioner received credit for the time period of April 22, 2004 (when he was turned over to federal custody) through September 29, 2004 toward his federal sentence pursuant to 18 U.S.C. §3585(b). See Respondent's Exhibit 4 (Kelly Affidavit, ¶ 8). However, with regard to the period of time Petitioner was incarcerated prior to April 22, 2004, that time was credited to his state sentence. A prisoner cannot receive double credit, and prior custody credit will therefore not ordinarily be granted under § 3585 if the prisoner has already received prior custody credit toward another sentence. See United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)["Section 3585(b) prohibits 'double-credit', i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence."]; United States v. Arroyo, 324 F.Supp.2d 472, 473-474 (S.D.N.Y. 2004)[BOP is precluded from granting credit for time in pre-sentence detention that has already been credited against another sentence]; Nguyen v. Department of Justice, No. 97-6489, 1999 WL 96740 (6th Cir. Feb. 3, 1999); Ransom v. Morton, No. 95-15127, 1995 WL 620935 (9th



4

Cir. Oct. 19, 1995); see also 28 U.S.C. ¶ 3585(b); Bacon v. Federal Bureau of Prisons, No. 545-18, 2001 WL 34684734 (D.S.C. Mar. 22, 2001).

Recognizing the problem he faces in attempting to obtain credit for this period of time, Petitioner seeks to have the Court make a *nunc pro tunc* designation to obtain this credit. A *nunc pro tunc* designation is utilized to designate a non-federal facility for service of a federal sentence in order to effect concurrent service of state and federal sentences while the inmate was/is in the primary custody of state authorities. See Respondent's Exhibit 4 (Forest Kelly Affidavit, ¶ 10); Taylor v. Sawyer, 284 F.3d 1143, 1148 (9th Cir. 2002). However, such a designation is only possible when a federal sentence is imposed while the inmate was/is under the primary jurisdiction of state authorities. Id. Because Petitioner received credit against his state sentence for the period of time prior to April 22, 2004, he cannot receive prior custody credit for that time against his federal sentence. Id. See also Sanders v. Federal Bureau of Prisons, No. 09-26, 2009 WL 1917093 at * 5 (W.D.Va. June 30, 2009).

Finally, Petitioner argues that he should receive credit on his federal sentence because he was denied state bond based on his federal detainer. However, even if Petitioner could show that he was denied bond based on the federal detainer, he is still not entitled to credit for the time he spent in state custody, since it was credited against his state sentence. Hunter v. Hall, 66 F.3d 321 at * 3 (5th Cir. 1995); Shahid v. Schultz, 272 Fed.Appx. 150, 153 (3rd Cir. 2008)[Even if Petitioner's release on bail had been prevented by the federal detainer, he still would not have been entitled to credit for time spent in state custody because that time was credited against his state sentence]; see also United States v. Tucker, No. 08-4476, 2009 WL 808382 at *2 (4th Cir. Mar. 30, 2009)[Although a federal detainer was placed on Petitioner while he was in state custody, he was not entitled to have credit



already applied to his state sentence counted a second time and applied to his federal sentence]; United States v. Carmenoros, 305 Fed.Appx. 497, 499 (10th Cir. Dec. 15, 2008)[Petitioner was not entitled to credit for time spent in state custody under a federal detainer]. Therefore, this argument is without merit.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion be **granted**, and that Petitioner's claim under §3585(b) be **dismissed, with prejudice.**[4]

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 22, 2009

Charleston, South Carolina

---

[4] To the extent that Petitioner is also claiming the district court erred in sentencing him and should recalculate his sentence, that claim is not properly before this Court. Petitioner was sentenced in the United States District Court for the Northern District of Florida. Petitioner could have raised that issue at sentencing or on appeal, but is procedurally barred from raising it in this § 2241 motion. Bacon, 2001 WL 34684734 at * 4.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

