IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
U.S.C. CLERK, CHARLESTON, S

2010 JAN -8  A 9: 20

Dwight Pratt,                          )
                                       )
                    Petitioner,        )
                                       )     Civil Action No. 9:08-3865-SB
v.                                     )
                                       )
John Owens, Warden,                    )          **ORDER**
                                       )
                    Respondent.        )
_____)

This matter is before the Court upon the Petitioner's pro se petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241. The record contains a report and

recommendation ("R&R") of a United States Magistrate Judge, wherein the Magistrate

Judge recommends that the Court grant the Respondent's motion for summary judgment.

The Petitioner filed timely objections to the R&R, and the matter is ripe for review.

## BACKGROUND

On January 21, 2003, state authorities in Leon County, Florida arrested the



Petitioner for possession of cocaine, possession of marijuana, and possession of

paraphernalia. On February 4, 2003, the Grand Jury for the United States District Court

for the Northern District of Florida indicted the Petitioner for distribution of cocaine (date

of offense: November 5, 2002 (Count One)), distribution of cocaine base (date of offense:

December 9, 2002 (Count Two)), possession with intent to distribute cocaine (date of

offense: December 19, 2002 (Count Three)), possession of a firearm during and in relation

to a drug trafficking offense (date of offense: December 19, 2002 (Count Four)), and

possession of a firearm by a convicted felon (date of offense: December 19, 2002 (Count

Five)). A federal detainer was placed on the Petitioner, who remained in state custody.

On April 21, 2004, the Petitioner entered a plea of nolo contendere in Leon County Circuit Court for possession of cocaine, possession of cannabis (marijuana), and possession of paraphernalia. The Petitioner was sentenced to a total of 457 days, and he was awarded 457 days of jail credit (time served).[1] Therefore, on April 22, 2004, the Florida state authorities released the Petitioner to the custody of the United States Marshals Service. The Petitioner pleaded guilty to four of the five federal counts, and on September 30, 2004, the United States District Court for the Northern District of Florida sentenced the petitioner to 188 months of incarceration.

The Petitioner's federal sentence has been computed as commencing on September 30, 2004, the day on which it was imposed. The Petitioner also was awarded 161 days of prior custody credit for the time period between April 22, 2004, through September 29, 2004. In addition, the Petitioner is eligible to earn 737 days of Good Conduct Time credit. These calculations result in the Petitioner have a projected release date of December 13, 2017. In this action, however, the Petitioner asserts that he should have received a nunc pro tunc designation, with credit for the time when he was in state custody prior to April 22, 2004. It is undisputed that, although the Petitioner received credit for this time on his state sentence, he has not received credit for this time on his federal sentence. Here, the Petitioner requests that the Court order the Bureau of Prisons ("BOP") to reverse its decision to deny his request for a nunc pro tunc designation and order the BOP to revisit the calculation of his sentence. In the alternative, the Petitioner requests

---

[1] The 457-day sentence was for the first count. The Petitioner also received 364 days for the second and third counts, which was ordered to run concurrently to the 457-day sentence.

that this Court itself revisit the calculation of his sentence.

## STANDARD OF REVIEW

The Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the R&R to which the objection is made and the basis for the objection. Id.

## DISCUSSION

In the R&R, the Magistrate Judge determined that the Petitioner is not entitled to the relief he seeks. The Magistrate Judge noted that the Petitioner received credit toward his federal sentence for the time between April 22, 2004, and September 24, 2004. With respect to the time prior to April 22, 2004, however, the Magistrate Judge determined that the Petitioner cannot receive credit toward his federal sentence because he received credit for this time toward his state sentence, and he should not receive double credit. See, e.g., United States v. Mojabi, 161 F. Supp. 2d 33, 36 (D. Mass. 2001) ("Section 3585(b) prohibits 'doubtle-credit,' i.e., awarding credit for presentence time served against one sentence if that time has already been credited against another sentence.").

Next, with respect to the Petitioner's attempt to obtain a nunc pro tunc designation[2] for the time he served prior to April 22, 2004, the Magistrate Judge noted that such a designation is only possible when a federal sentence is imposed while the inmate was or

---

[2] A nunc pro tunc designation is utilized to designate a non-federal facility for service of a federal sentence to result in concurrent service of state and federal sentences while the inmate was or is in the primary custody of state authorities.

3

is under the primary jurisdiction of state authorities. Here, because the Petitioner was not under the primary jurisdiction of state authorities when he received his federal sentence, and because the Petitioner received credit against his state sentence for the time served prior to April 22, 2004, the Magistrate Judge determined that the Petitioner was not entitled to a nunc pro tunc designation.

Lastly, with respect to the Petitioner's assertion that he is entitled to credit toward his federal sentence because he was denied state bond based on the federal detainer, the Magistrate Judge determined that even if the Petitioner could shouw that he was denied bond based on the detainer, he still would not be entitled to credit for the time in state custody because it was credited against his state sentence. Based on the foregoing, the Magistrate Judge recommended that the Court grant the Respondent's motion for summary judgment and dismiss the petition with prejudice.

The Petitioner filed written objections to the R&R; however, in his objections, the Petitioner does not point to any legal or factual error sufficient to alter the Magistrate Judge's recommendation. Rather, the Petitioner merely rehashes the law and asserts that he is entitled to credit for the time served prior to April 22, 2004, because the federal detainer prevented his release. However, as the Magistrate Judge determined, the Petitioner received credit toward his state sentence for the time served prior to April 22, 2004, and therefore, even if the detainer prevented his release on bond, he still is not entitled to credit toward his federal sentence for this time because he received credit toward his state sentence for this time.

After a review of the entire record, the R&R, and the Petitioner's objections, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and

applied the correct principles of law. Accordingly, the Court adopts the R&R (Entry 26) in full, and it is

**ORDERED** that the Respondent's motion for summary judgment (Entry 18) is granted; the Petitioner's objections (Entry 28) are overruled; and this matter is dismissed with prejudice.

**AND IT IS SO ORDERED.**

The Honorable Sol Blatt, Jr.
Senior United States District Judge

January ___, 2010
Charleston, South Carolina